UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| LEROY PLATER, JR., et al., )<br>)<br>Plaintiffs, )<br>)<br>v. )<br>)<br>W.A. CHESTER, L.L.C., )<br>)<br>Defendant. )<br>) | Case No. 1:06cv01219 (PLF) |

### DEFENDANT W.A. CHESTER, L.L.C.'S MEMORANDUM
### REGARDING SEPTEMBER 7, 2006 INITIAL SCHEDULING CONFERENCE

During today's Initial Scheduling Conference in this action, the Court questioned Plaintiffs' counsel about Plaintiffs' request in the Joint Local Rule 16.3 Report to conduct 30 depositions in this case and appeared to agree with Defendant's counsel that 30 depositions was far too many, and too burdensome, in this straightforward discrimination case.

After extended discussion, and in response to Plaintiffs' argument that if the two plaintiffs had filed separate cases they would be presumptively entitled to 10 depositions each (for a total of 20), the Court indicated that it would issue a Scheduling Order taking account of the parties' respective concerns. The Court then stated that it was inclined to issue a Scheduling Order that there could be no more than 20 days of depositions per side (with a maximum of 140 hours of deposition testimony).

Consistent with the Court's stated intention to permit discovery that is narrowly-tailored to the isssues in this case, Defendant presumes that the Scheduling Order issued by the Court will in any event set an absolute limit on the number of depositions each side may take

without further leave of Court. Otherwise, if the <u>only</u> restriction upon depositions is that Plaintiffs must keep their depositions within a certain number of days and hours, they could take <u>dozens</u> of depositions, significantly burdening Defendant and, more importantly, defeating the intention of the Court. For example, under such a framework, Plaintiffs arguably could take up to 70 two-hour depositions, so long as they keep them within the stated limits on days and hours. That is <u>not</u> what Defendant believes the Court intended.

Accordingly, as set forth in the Joint Local Rule 16.3 Report, Defendant submits that each side be permitted to take no more than 10 depositions, the presumptive limit in the Federal Rules. To the extent that the Court determines that it should allow more than 10 depositions per side, Defendant requests that each side be permitted to take no more than 20 depositions (the default number under the Federal Rules if the Court were to treat this action as separately filed by the two plaintiffs), that each side have no more than 20 days to take its depositions, and that no deposition shall exceed 7 hours (for a potential total of up to 140 hours per side).

Respectfully submitted,

_____
William P. Flanagan (#419287)
Dean A. Romhilt (#467253)
HOGAN & HARTSON LLP
8300 Greensboro Drive, Suite 1100
McLean, VA 22102
703-610-6100
703-610-6200 (fax)

Dated: September 7, 2006

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing Memorandum was served by facsimile on this 7th day of September, 2006 on:

Susan E. Huhta
Warren K. Kaplan
Washington Lawyers' Committee for Civil Rights & Urban Affairs
11 Dupont Circle NW, Suite 400
Washington, DC 20036


Joseph G. Davis
Jocelyn C. Flynn
Renee L. Thorne
Willkie Farr & Gallagher LLP
1875 K Street NW
Washington, DC 20006


_____
Dean A. Romhilt