UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

LEROY PLATER *et al.*,

               Plaintiffs,

     v.

W.A. CHESTER, L.L.C.,

               Defendant.

Civil Action No. 06-1219
(PLF) (AK)

## MEMORANDUM ORDER

Pending before this Court is Defendant W.A. Chester, L.L.C.'s Memorandum Regarding September 7, 2006 Initial Scheduling Conference [8] ("Memorandum"),[1] and Plaintiff's Response thereto [11] ("Response"). Defendant requests that the Court permit each side to take no more than 10 or 20 depositions.[2] After considering the memoranda and the entire record in this case, for the reasons set forth below, Defendant's request is **DENIED**. Instead, the Court orders that each side shall be permitted to take no more than 30 depositions.

---

[1] The Trial Court has construed Defendant's Memorandum as a motion for a protective order. *See* Sept. 7, 2006 Order Referring Case to Mag. J. Alan Kay [9].

[2] Defendant's Memorandum initially requests that each side be permitted to take no more than 10 depositions. Def.'s Memo. at 2. Defendant also requests, however, that each side be permitted to take no more than 20 depositions "to the extent that the Court determines that it should allow more than 10 depositions per side." *Id.*

**Background**

Plaintiffs Leroy Plater, Jr. and Mark McCoy ("Plaintiffs") filed this civil rights action against Defendant W.A. Chester, L.L.C. ("Defendant") in this court on July 6, 2006.  Pursuant to LCvR 16.3, parties submitted a Joint Report on August 31, 2006, which contained separate proposed scheduling orders from each side.  Plaintiffs proposed that each side be permitted to take up to 30 depositions.  Joint Report at 3.  Defendant proposed that each side follow the presumptive 10-deposition limit set by the Federal Rules.  *Id.* at 2.  The initial scheduling conference was held before the Trial Court on September 7, 2006, during which the parties discussed their respective concerns regarding deposition limits.

Following this conference, Defendant filed the Memorandum now at issue.  In it Defendant requests that the Court set an absolute limit on the number of depositions that may be taken by each side.  Defendant claims that the absence of an absolute deposition limit would allow Plaintiff to take "dozens" of depositions, thus "significantly burdening the Defendant" and "defeating the intention of the Court."  *Id.* at 2.  Defendant therefore requests than each side be permitted to take no more than 10 or 20 depositions.[3]  *Id.*

That same day, the Trial Court issued a Scheduling Order ("Scheduling Order") [10] in which it set the following limits regarding depositions:

> Each side is limited to a maximum of 140 hours of depositions on 20 days, subject to agreed upon reasonable modifications.  *There is no limit to the number of depositions*, only to the hours that may be expended.  No one deposition may exceed seven hours.

Scheduling Order at 1-2 (emphasis added).

---

[3] See note 2, *supra*.

In its Response to Defendant's Memorandum, Plaintiffs argue that the limits for taking depositions, as set forth in the Scheduling Order, should remain unchanged. *See generally* Pl.'s Resp. Plaintiffs notes that the Trial Court issued this Order after hearing both sides and considering their respective positions. *See Id.* at 1.

## Legal Standard

Local Civil Rule 26.2(b) states that the limitations on the permitted number of depositions "will be determined by the court in the scheduling order and may thereafter be changed on motion of the parties or the court's own motion." Though Federal Rule 30(a)(2)(A) sets a presumptive 10-deposition limit for each side, the scheduling order governs where it sets a different limit.[4] LCvR 26.2(b).

A party may move for a protective order seeking to limit the number of depositions that may be taken. Fed. R. Civ. P. 26(b)(2). The movant then bears the burden of making a showing of good cause required by Federal Rule 26(c). *Alexander v. FBI*, 186 F.R.D. 60, 64 (D.D.C. 1998). A trial court possesses broad discretion in issuing a protective order and determining what degree of protection is required. *Seattle Times Co. v. Rhinehart*, 467 U.S. 20, 36 (1984). Federal Rule 26(b)(2) provides, in pertinent part, that the court may limit discovery if it determines that the burden or expense of proposed discovery outweighs its likely benefit.[5]

---

[4] In this case, the deposition limits set by the Scheduling Order control since they differ from those presumptively set by the Federal Rules.

[5] The court may impose such limits pursuant to a motion for protective order under Federal Rule 26(c) or by its own initiative. Fed. R. Civ. P. 26(b)(2).

**Analysis**

The Court finds that Defendant's Memorandum fails to show good cause as to why the number of depositions should be limited to 10 or 20. The Trial Court was very specific in setting no absolute limit to the number of depositions that may be taken. Instead, after carefully considering both parties' positions, the Trial Court tailored the following parameters: each side has only 20 days on which it may take its depositions; each side is limited to 140 hours of depositions; and no one deposition may exceed seven hours. Also, the Trial Court allowed for these limits to be modified by agreement between the parties. This Court will therefore not alter the deposition limits in the manner that Defendant requests.

The Court finds, however, that Defendant has expressed a legitimate concern that, under the current Scheduling Order, Plaintiffs could "significantly burden" Defendant by arguably taking "dozens" of depositions. Def.'s Memo. at 2. The Court is thus inclined to set *some* limit for the number of depositions that may be taken. The Court thus concludes that each side be permitted to take no more than 30 depositions within the time and day limitations set forth in the Scheduling Order.

**Conclusion**

For the reasons set forth above, it is on this   6th   day of October, 2006, hereby

**ORDERED** that Defendant's request that each side be permitted to take no more than 10 or 20 depositions is **DENIED**; and it is further

**ORDERED** that each side shall be permitted to take no more than 30 depositions. Consistent with the Scheduling Order, each side remains limited to a maximum of 140 hours of

depositions on 20 days, subject to agreed upon reasonable modifications.  No one deposition may

exceed seven hours.

       **SO ORDERED**.

_____
                /s/
                ALAN KAY
                UNITED STATES MAGISTRATE JUDGE