UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| LEROY PLATER, JR., et al., ) <br> ) <br> Plaintiffs, ) <br> ) <br> v. ) <br> ) <br> W.A. CHESTER, L.L.C., ) <br> ) <br> Defendant. ) <br> ) | Case No. 1:06cv01219 (PLF/AK) <br><br> **FILED** <br><br> NOV 3 0 2006 <br><br> NANCY MAYER WHITTINGTON, CLERK <br> U.S. DISTRICT COURT |

### STIPULATED CONFIDENTIALITY ORDER

This matter having come before the Court on the joint application of Plaintiffs Leroy Plater and Mark McCoy ("Plaintiffs") and Defendant W.A. Chester, L.L.C. ("Chester") (collectively "the Parties"), and the parties, through their undersigned counsel, having agreed to the terms of this Stipulated Confidentiality Order ("Confidentiality Order"), and good cause having been shown, IT IS HEREBY ORDERED that the following terms and conditions shall apply in the above-captioned action (the "Action"):

1. SCOPE OF ORDER: This Confidentiality Order shall apply to all documents, information, deposition testimony, or any other materials produced, provided, or disclosed through formal discovery procedures ("Litigation Material") by any Party in this Action. The term Party means any named Plaintiff or Defendant in this Action (collectively, "Parties"). This Confidentiality Order shall govern all proceedings in this Action and shall remain in effect until modified, superseded or rescinded by further order of this Court.

2. CONFIDENTIAL INFORMATION: Any Party may designate as CONFIDENTIAL any Litigation Material, or any portion thereof, that contains (1) trade secret

or other confidential research, development or commercial information; or (2) social security numbers, credit card numbers, medical history, and any similar sensitive personal information or any similar personal or corporate financial information ("Confidential Information").

3. DESIGNATION OF CONFIDENTIAL INFORMATION: Confidential Information shall be designated as such by stamping or labeling the relevant material with the legend "CONFIDENTIAL" or "CONFIDENTIAL -- SUBJECT TO CONFIDENTIALITY ORDER," or by taking other reasonable steps to so designate the information or documents. Designation of Confidential Information shall occur at or prior to the time of production of documents or provision of discovery responses. Any party may designate documents produced by any other Party as Confidential Information by promptly informing all Parties in writing of the designation. Upon notice of such designation, each Party holding the affected documents shall properly label them as provided in this paragraph. Any party may also designate as confidential portions of deposition transcripts that contain or discuss Confidential Information. Portions of deposition transcripts containing or incorporating Confidential Information shall be designated as CONFIDENTIAL within fifteen (15) calendar days of receiving the transcripts. A Party shall treat deposition transcripts as CONFIDENTIAL until they are either designated as such or, if no such designation is made, until the expiration of the fifteen (15) calendar day period following receipt of the transcripts. Neither the designation nor the disclosure of information pursuant to this Confidentiality Order shall operate as a waiver of the attorney-client privilege or protections afforded by the attorney work product doctrine with respect to the subject of the information disclosed.

4. USE OF CONFIDENTIAL INFORMATION: Absent a Court order or written consent from the designating Party, information designated as CONFIDENTIAL shall be used

\\NORTHVA - 024273/000005 - 361005 v1

solely for the purposes of this Action and in accordance with this Confidentiality Order, and shall not be used in any other litigations, judicial or administrative proceedings, or for any commercial, business, competitive, or other purposes. Information designated as CONFIDENTIAL shall be made available only to persons designated as Qualified Persons under this Confidentiality Order.

5.   QUALIFIED PERSONS: The following individuals are Qualified Persons under this Confidentiality Order:

   a.   Any Party, or a current officer, director or employee of a Party deemed necessary by counsel to aid in the prosecution, defense, or settlement of this Action, and their counsel in this Action, including counsel's staff, support personnel, and outside vendors providing services related to discovery in this Action;

   b.   Any Court officer, mediator, or arbitrator handling any aspect of this Action, including their staff, as well as any court reporters and videographers who transcribe or record testimony at depositions or hearings in this Action;

   c.   Counsel for any insurance companies or other indemnitors from which a Party claims coverage or that is providing coverage for the claims asserted in this Action;

   d.   Outside experts and consultants (and their counsel and clerical staff) engaged by a Party in this Action;

   e.   Potential witnesses, witnesses noticed for deposition, and witnesses designated for trial or other proceeding in this Action, and their counsel, to the extent reasonably necessary in connection with or to prepare for their testimony;

   f.   Any other person agreed to in writing by counsel for the Party designating the materials as CONFIDENTIAL.

6. AGREEMENT TO TERMS OF CONFIDENTIALITY ORDER: The Parties, undersigned counsel, their firms, co-counsel, clerical and support staff agree to the terms and restrictions set forth in this Confidentiality Order. Clerical or support staff need not sign the Certification provided that their supervisors have done so and have communicated the duties and restrictions set forth in this Confidentiality Order. Information designated as CONFIDENTIAL shall not be made available to any Qualified Persons described in paragraph 5(d)-(f) unless that Qualified Person has reviewed and agreed to be bound by this Confidentiality Order as evidenced by that person's execution of a Certification in the form attached hereto. Certifications executed in accordance with this paragraph shall remain confidential and need not be disclosed during this Action, except as provided in this paragraph. Counsel expressly agree, and it is hereby ordered that, except in the event of a violation of this Confidentiality Order, they will not seek copies of the Certifications while this Action is pending. If the Court finds that disclosure of a Certification is necessary to investigate a violation of this Confidentiality Order, the disclosure will be limited to outside counsel only or as the Court directs.

7. INADVERTENT DISCLOSURE: If a Party inadvertently discloses Litigation Material containing Confidential Information without designating the Litigation Material as such, the failure to make the appropriate designation shall not be deemed a waiver of confidentiality. The disclosing Party may give notice of the inadvertent disclosure and designate the inadvertently produced Litigation Material as CONFIDENTIAL.

If Litigation Material designated as CONFIDENTIAL is inadvertently disclosed to an unauthorized person, the disclosing Party shall use all reasonable efforts to (a) inform the unauthorized person of the duties and restrictions set forth in this Confidentiality Order, and (b) obtain from the unauthorized person a signed Certification in the form attached hereto. Any

unauthorized person who does not agree to execute the Certification shall be promptly identified to the Party who produced the designated CONFIDENTIAL information at issue.

8. MODIFICATION OF OR OBJECTION TO DESIGNATION: If any Party objects to the designation of Litigation Material as CONFIDENTIAL, within ten (10) calendar days that party shall request in writing that the producing party remove the applicable designation and shall state the reasons for the request for withdrawal. The producing party shall respond to the request in writing within ten (10) calendar days of receipt of the request, unless otherwise agreed to by the parties or ordered by the Court. If the producing party refuses to remove the CONFIDENTIAL designation, its written response shall state the reasons for the refusal to withdraw the designation. Failure to provide a timely response to a request under this paragraph shall constitute refusal to remove the CONFIDENTIAL designation. If the producing party refuses to remove the CONFIDENTIAL designation, the Parties shall seek to resolve the dispute in good faith on an informal basis. If the dispute is not resolved, the producing party may move the Court for an order deeming that the Litigation Material retain the CONFIDENTIAL designation. In the event of such a motion, the CONFIDENTIAL material at issue may be submitted to the Court for *in camera* review. The proponent of retaining the CONFIDENTIAL designation shall bear the burden of persuasion. Unless and until the producing party agrees to remove the CONFIDENTIAL designation or the Court orders that the designation be removed, all Litigation Material designated as CONFIDENTIAL shall continue to be treated as such by the receiving party.

9. RETURN OR DESTRUCTION OF CONFIDENTIAL INFORMATION: Information designated as CONFIDENTIAL, and all duplicates thereof, shall be returned to the Party that produced such information within sixty (60) calendar days of the conclusion of this

\\NORTHVA - 024273/000005 - 361005 v1

Action, excluding (a) documents filed with the Court; (b) documents containing notes or other attorney work product created by the receiving party; and (c) transcript exhibits (collectively, "Excluded Materials"). Such Excluded Materials shall remain subject to the terms of this Confidentiality Order. In lieu of returning information designated as CONFIDENTIAL, a Party may elect to destroy all CONFIDENTIAL information covered by this Confidentiality Order within sixty (60) calendar days of the conclusion of this Action, provided that the electing party shall certify in writing that it has conducted a good-faith search for all CONFIDENTIAL information and that all such information has been destroyed to the best of its knowledge. For purposes of this paragraph, information designated as CONFIDENTIAL shall include information originally designated as PLAINTIFFS' AND THEIR ATTORNEYS' EYES ONLY prior to the execution of this Order, to the extent such documents have been designated as CONFIDENTIAL by Bates range after the execution of this Order. For purposes of this Order, the term "conclusion of this Action" shall mean the day on which any judgment or settlement becomes final and non-appealable.

    10.    NO WAIVER: Nothing in this Confidentiality Order shall prejudice or waive the right of any Party:

    a.    To object to the production of any Litigation Material, or any portion thereof, on any appropriate ground;

    b.    To object to the admissibility at trial of any Litigation Material, or any portion or derivative product thereof, on any appropriate ground;

    c.    To seek relief from any restriction set forth herein;

\\NORTHVA - 024273/000005 - 361005 v1

   d. To seek an order compelling, modifying, or further restricting the production, exchange, uses of or protections afforded to any Litigation Material under this Confidentiality Order.

  11. PARTY'S OWN INFORMATION: Nothing in this Confidentiality Order shall limit any producing party's use of its own Litigation Material or prevent any producing party from disclosing its Confidential Information to any person. Such disclosures shall not affect any designation of such materials as CONFIDENTIAL.

  12. INFORMATION THAT IS PUBLICLY AVAILABLE OR THAT IS OBTAINED FROM OTHER SOURCES: This Confidentiality Order does not restrict the use or dissemination of information that is publicly available or that is obtained legally from sources other than the Parties involved in this Action or Non-Parties that produce Litigation Material in this Action.

  13. SURVIVAL OF OBLIGATIONS: The terms and conditions of the Confidentiality Order shall survive the conclusion of this Action, and shall continue to be binding after the conclusion of this Action unless modified by further order of this Court. The "conclusion of this Action" means the time when all appeal periods have expired and any settlement or judgment has become final.

  14. JURISDICTION: The Court retains jurisdiction to amend, modify, or enforce this Confidentiality Order upon the agreement of the Parties to this Action, motion by a Party, or on its own motion.

W:\NORTHVA - 024273/000005 - 361005 v1

SO ORDERED this 30th day of November, 2006.

NUNC PRO TUNC to October 10, 2006.

_____
The Honorable Alan Kay
United States Magistrate Judge

Copies to:

Susan E. Huhta
Warren K. Kaplan
Washington Lawyers' Committee for Civil Rights & Urban Affairs
11 Dupont Circle NW, Suite 400
Washington, DC  20036

Joseph G. Davis
Jocelyn C. Flynn
Renee L. Thorne
Willkie Farr & Gallagher LLP
1875 K Street NW
Washington, DC  20006

William P. Flanagan
Dean A. Romhilt
Emily J. Glendinning
Hogan & Hartson, LLP
8300 Greensboro Drive, Suite 1100
McLean, VA  22102