## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| LEROY PLATER, JR., et al., ) | |
| ) | |
| Plaintiffs, ) | |
| ) | |
| v. ) | Case No.  1:06cv01219 (PLF) |
| ) | |
| W.A. CHESTER, L.L.C., ) | |
| ) | |
| Defendant. ) | |

## ANSWER TO AMENDED COMPLAINT

Defendant W.A. Chester, L.L.C. ("Defendant"), by counsel, hereby answers the Amended Complaint of Leroy Plater, Jr. ("Plater") and Mark McCoy ("McCoy") (collectively, "Plaintiffs") as follows:

<u>FIRST DEFENSE</u>

Plaintiffs' Amended Complaint fails to state a claim upon which relief can be granted.

<u>SECOND DEFENSE</u>

With respect to the specific allegations in the numbered paragraphs of the Amended Complaint, Defendant states:

1.    The allegations in Paragraph 1 constitute Plaintiffs' characterization of this action, to which no response is required.

2.    Defendant denies the allegations in Paragraph 2.

3.     Defendant denies the allegations in Paragraph 3 but admits that Plater and McCoy are African-American and that Plater has been employed by Defendant as a Journeyman Lineman since April 1999.

4.     Defendant denies the allegations in Paragraph 4 but admits that Defendant hired McCoy in September 2005 and terminated his employment in May 2006.

5.     Defendant denies the allegations in Paragraph 5 but admits that Plater and McCoy have been supervised by one or more of the same Foreman and/or General Foreman.

6.     The allegations in Paragraph 6 constitute conclusions of law, to which no response is required.

7.     The allegations in Paragraph 7 constitute conclusions of law, to which no response is required.

8.     The allegations in Paragraph 8 constitute conclusions of law, to which no response is required.

9.     The allegations in Paragraph 9 constitute conclusions of law, to which no response is required.

10.     Defendant denies the allegations in the first two sentences of Paragraph 10 but admits that Plater filed a Charge of Discrimination dated May 19, 2005 with the Equal Employment Opportunity Commission ("EEOC") and that the EEOC issued a Notice of Right to Sue dated June 15, 2006.  The allegations in the third sentence constitute conclusions of law, to which no response is required.

11.     Defendant admits the allegations in Paragraph 11.

12.   Defendant denies the allegations in Paragraph 12 as stated but admits that McCoy is a 36 year-old African-American male, that he is a U.S. citizen, that he was employed by Defendant from September 2005 until May 2006, and that he was a resident of Maryland when he was employed by Defendant.

13.   Defendant denies the allegations in Paragraph 13 as stated but admits that it is incorporated in Delaware, that its headquarters are located in Maryland, that it conducts business in the District of Columbia, Maryland, and Virginia, and that it is owned by Pepco Energy Services, Inc., which is a wholly-owned subsidiary of Pepco Holdings, Inc.

14.   The allegations in Paragraph 14 constitute conclusions of law, to which no response is required.

15.   Defendant admits the allegations in Paragraph 15.

16.   Defendant admits the allegations in Paragraph 16.

17.   Defendant denies the allegations in Paragraph 17 but admits that Eddie Orange is white, that his current position with Defendant is Superintendent with senior oversight responsibilities for Defendant's Benning Road, Rockville, and Springfield yards as well as the Forestville site, and that his previous positions with Defendant include General Foreman of the Benning Road yard and Foreman.

18.   Defendant denies the allegations in the first sentence of Paragraph 18. Defendant denies the allegations in the second sentence as stated but admits that a General Foreman has senior oversight responsibilities for each of the Benning Road, Rockville, and Springfield yards.

3

19.   Defendant denies the allegations in Paragraph 19 as stated but admits that its employees who are assigned to the Benning, Rockville, or Springfield yards generally work in crews and that, although their composition may vary, crews are generally comprised of a Foreman, several Journeyman Linemen, an Operator, and possibly one or two Apprentices.

19a.   Defendant denies the allegations in Paragraph 19a as stated but admits that a Foremen oversees a crew and is responsible for assignments within the crew.

19b.   Defendant denies the allegations in Paragraph 19b.

19c.   Defendant admits the allegations in the first sentence of Paragraph 19c. Defendant denies the allegations in the second sentence as stated but admits that the Cable Splicer classification is paid slightly more than the Journeyman Lineman classification per the applicable collective bargaining agreement.  Defendant denies the allegations in the third and fourth sentences but admits that certain employees classified as Cable Splicers are "guaranteed eight."  Defendant denies the allegations in the fifth sentence.  Defendant denies the allegations in the sixth sentence as stated but admits that there are generally more overtime opportunities for the Cable Splicer classification than for the Journeyman Lineman classification because there are fewer Cable Splicers than Journeyman Linemen.

19d.   Defendant denies the allegations in Paragraph 19d as stated but admits that the primary duty of Journeyman Linemen is to install, maintain, and repair electrical cables; that the Journeyman Lineman classification is paid slightly less than the Cable Splicer classification per the applicable collective bargaining agreement; and that Journeyman Linemen are not "guaranteed eight."

19e.   Defendant denies the allegations in Paragraph 19e as stated but admits that the operation of transportation vehicles is among the tasks performed by Operators.

4

19f.    Defendant denies the allegations in Paragraph 19f as stated but admits that Apprentices are usually hired as trainees with the expectation that they will progress and that, in the case of Apprentice Journeyman Linemen, they progress in pay as they complete their signoffs in accordance with the ALBAT training program.

20.    Defendant admits the allegations in the first sentence of Paragraph 20. Defendant denies the allegations in the second sentence as stated but admits that manhole inspectors are generally not part of network crews.  Defendant denies the allegations in the third sentence but admits that manhole inspectors are paid less than the Cable Splicer classification.

21.    Defendant denies that the allegations in Paragraph 21 are a fully accurate description of cable splicing.

22.    Defendant denies the allegations in Paragraph 22.

23.    Defendant denies the allegations in Paragraph 23 as stated but admits that Eric Harwood and Xavier Mack filed Charges of Discrimination with the EEOC and that such Charges speak for themselves.

23a.    Defendant denies the allegations in Paragraph 23a.

23b.    Defendant denies the allegations in Paragraph 23b but admits that Thomas Morsell, an African-American employee of Defendant, filed a grievance dated March 23, 2004 against Orange with the Local Union 70 of the IBEW.

23c.    Defendant denies the allegations in Paragraph 23c.

23d.    Defendant denies the allegations in Paragraph 23d as stated, but admits that Harwood is African-American, was employed by Defendant as a Cable Splicer, filed a Charge of Discrimination dated May 19, 2005 with the EEOC, and entered into a Settlement Agreement with Defendant.

23e.    Defendant denies the allegations in Paragraph 23e as stated but admits that Michael Briscoe, an African-American Journeyman Lineman, applied for a Foreman position at the Rockville yard in early 2006 and that Defendant selected Mark Snodgrass, who is white, for the Foreman position.

23f.    Defendant denies the allegations in Paragraph 23f.

23g.    Defendant denies the allegations in the first two sentences of Paragraph 23g but admits that some of Defendant's employees are assigned to jobs outside of the metropolitan Washington, D.C. area.  Defendant denies the allegations in the third sentence.

24.    Defendant denies the allegations in Paragraph 24.

25.    Defendant denies the allegations in Paragraph 25 as stated but admits that Defendant has employed Plater since 1999 as a Journeyman Lineman and that Plater has been based out of the Benning Road yard except from the end of 2002 through January 2004, when he worked out of the Springfield yard.

26.    Defendant denies the allegations in Paragraph 26 as stated but admits that Plater worked out of Benning Road yard from his hire in 1999 until the end of 2002 and that he did overhead work through approximately April 2001.

27.    Defendant admits the allegations in Paragraph 27.

28.    Defendant denies the allegations in the first sentence of Paragraph 28 but admits that Robert McGregor is white and may have been Plater's Foreman at times in 2000 and 2001.  Defendant denies the allegations in the second sentence.

29.    Defendant denies the allegations in Paragraph 29 as stated but admits that Plater has been doing underground work since approximately April 2001 and that underground work involves installation, maintenance, and repair of cables that run underground.

6

30.   Defendant denies the allegations in Paragraph 30 but admits that Plater first expressed a desire to become a Cable Splicer to Orange at the end of 2002.

31.   Defendant denies the allegations in Paragraph 31 but admits that Plater is currently classified as a Journeyman Lineman.

32.   Defendant denies the allegations in Paragraph 32 but admits that Plater is currently classified as a Journeyman Lineman and that he is paid at the Cable Splicer rate for time spent performing certain types of cable splicing work.

33.   Defendant denies the allegations in the first sentence of Paragraph 33 but admits that it entered into a contract with an entity currently doing business as Dominion Virginia Power ("Virginia Power") in late 2002.  Defendant denies the allegations in the second sentence as stated but admits that the work for Virginia Power includes rubber splicing. Defendant denies the allegations in the third sentence as stated but admits that it transferred a small number of employees from the Benning Road yard to the Springfield yard.

34.   Defendant denies the allegations in the first sentence of Paragraph 34 as stated but admits that some employees requested to be transferred to the Springfield yard in connection with the contract with Virginia Power.  Defendant denies the allegations in the second sentence.

35.   Defendant denies the allegations in Paragraph 35 but admits that Plater requested to be transferred to the Springfield yard in connection with the contract with Virginia Power.

36.   Defendant denies the allegations in the first sentence of Paragraph 36 as stated but admits that there was a training class on the tools and equipment relevant to the work that would be done at the Springfield yard and that Plater and others attended the class. Defendant denies the allegations in the second sentence but admits that Jeffrey Hesse is white, that Hesse was employed by Defendant as a Journeyman Lineman, and that Hesse attended the class.

37.   Defendant denies the allegations in Paragraph 37 but admits that Hesse and Plater were transferred to the Springfield yard in connection with the contract with Virginia Power.

38.   Defendant denies the allegations in the first sentence of Paragraph 38 but admits that, at his request, Plater was transferred to the Springfield yard in connection with the contract with Virginia Power.   Defendant denies the allegations in the second sentence but admits that Plater was assigned to Robert (Dwayne) Taylor's crew at the Springfield yard and that Dwayne Taylor is white and was a Foreman.   Defendant denies the allegations in the third sentence as stated but admits that James Taylor is white, is the father of Dwayne Taylor, and was General Foreman of the Springfield yard for a period of time.   Defendant denies the allegations in the fourth sentence as stated but states that there were no employees classified as Cable Splicers at the Springfield yard in connection with the contract with Virginia Power.

39.   In response to the allegations in the first sentence of Paragraph 39, Defendant is without sufficient information or knowledge as to what was apparent to Plater and therefore denies such allegations.   Defendant denies the remaining allegations in Paragraph 39.

40.   Defendant denies the allegations in Paragraph 40.

41.   Defendant denies the allegations in Paragraph 41.

8

42.   Defendant denies the allegations in the first two sentences of Paragraph 42 but admits that Plater did rubber splicing while at the Springfield yard and that Plater was paid at the Journeyman Lineman rate while rubber splicing.  Defendant denies the allegations in the third sentence.

43.   Defendant denies the allegations in Paragraph 43.

44.   Defendant denies the allegations in Paragraph 44.

45.   In response to the allegations in Paragraph 45, Defendant is without sufficient information or knowledge to admit or deny the allegations and therefore denies such allegations.

46.   Defendant denies the allegations in Paragraph 46.

47.   Defendant denies the allegations in Paragraph 47.

48.   Defendant denies the allegations in Paragraph 48.

49.   Defendant denies the allegations in Paragraph 49 but admits that Plater requested to be transferred from the Springfield yard back to the Benning Road yard and that he was so transferred in or around January 2004.

50.   Defendant denies the allegations in Paragraph 50 as stated but admits that Plater was transferred from the Springfield yard back to the Benning Road yard in or around January 2004.

51.   Defendant denies the allegations in Paragraph 51 but admits that Plater was assigned to the crew of Robert Terry, who is white and a Foreman, and states that it has given Plater numerous cable splicing training opportunities.

52.   Defendant denies the allegations in Paragraph 52 but admits that Plater at some point asked Phil Forrester if he could work on his crew.

9

53.  Defendant denies the allegations in Paragraph 53.

54.  Defendant denies the allegations in Paragraph 54.

55.  Defendant denies the allegations in Paragraph 55.

56.  Defendant denies the allegations in Paragraph 56.

57.  Defendant denies the allegations in Paragraph 57 but admits that Luke Holmes is white and was hired by Defendant in 1999.

58.  Defendant denies the allegations in Paragraph 58 but admits that Plater has done many splicing jobs and that he is paid at the Cable Splicer rate for time spent performing certain types of cable splicing work.

59.  Defendant denies the allegations in the first two sentences of Paragraph 59 but admits that Plater asked Orange and/or Emory Kelley about Cable Splicer rates and that Journeyman Linemen are paid at the Cable Splicer rate for time spent performing certain types of cable splicing work.  Defendant denies the allegations in the third sentence.

60.  Defendant denies the allegations in the first sentence of Paragraph 60 but admits that Kelley has told Plater and others to practice cable splicing on rain days.  Defendant denies the allegations in the second and third sentences.

61.  Defendant denies the allegations in Paragraph 61 but admits that Terry has, on occasion, reported poor performance by Plater to Orange.

62.  Defendant denies the allegations in Paragraph 62.

63.  Defendant denies the allegations in Paragraph 63 but admits that the second sentence accurately describes phasing and that Terry has, on occasion, reported poor performance by Plater to Orange.

64.   In response to the allegations in Paragraph 64, Defendant is without sufficient information or knowledge to admit or deny the allegations and therefore denies such allegations.

65.   Defendant denies the allegations in Paragraph 65 but admits that Orange offered to assign Plater to the Rockville yard and that Plater declined.

66.   Defendant denies the allegations in the first sentence of Paragraph 66 but admits that Harwood resigned his employment with Defendant in February 2005.  Defendant denies the remaining allegations in Paragraph 66.

67.   In response to the allegations in the first sentence of Paragraph 67, Defendant admits that Plater retained legal counsel at some point, but Defendant is without sufficient information or knowledge as to when he retained legal counsel.  Defendant denies the allegations in the second sentence as stated but admits that an attorney on behalf of Plater sent a letter dated March 18, 2005 to Defendant, which letter speaks for itself.

68.   Defendant denies the allegations in Paragraph 68 but admits that Jeff Grimsley was a Foreman.

69.   Defendant denies the allegations in Paragraph 69.

70.   Defendant denies the allegations in Paragraph 70.

71.   Defendant admits that Plater and Harwood filed Charges of Discrimination dated May 19, 2005 with the EEOC.  Defendant denies the remaining allegations in Paragraph 71.

72.   Defendant denies the allegations in Paragraph 72.

73.    Defendant denies the allegations in Paragraph 73 but admits that beginning in early May 2005 Defendant hired several persons to perform manhole inspection duties and these persons were African-American and that Defendant hired McCoy in September 2005.

74.    Defendant denies the allegations in Paragraph 74 but admits that Defendant looked into Plater's allegations regarding Robert Terry.

75.    Defendant denies the allegations in Paragraph 75 but admits that in or around late November 2005, it published the qualification requirements for Cable Splicers.

76.    Defendant denies the allegations in the first three sentences of Paragraph 76 as stated, but admits that Plater performed his first lead splice in or around January 2006. Defendant admits the allegations in the fourth sentence of Paragraph 76. Defendant denies the allegations in the fifth sentence of Paragraph 76.

77.    Defendant denies the allegations in Paragraph 77 as stated, but admits that Plater has completed more than eight lead splices since January 2006 and that he is paid at the Cable Splicer rate for time spent performing certain types of cable splicing work.

78.    Defendant denies the allegations in Paragraph 78 but admits that George Warrington is white and is Plater's current Foreman.

79.    Defendant denies the allegations in Paragraph 79.

80.    Defendant denies the allegations in Paragraph 80 as stated but admits that Defendant promoted Luke Holmes, who is white and who was hired in 1999, from Journeyman Lineman to Cable Splicer in or about December 2004 and that it promoted Jacob Roll, who is white and who was hired in 2001, from Journeyman Lineman to Cable Splicer in or about February 2006.

81.    Defendant denies the allegations in Paragraph 81.

82.   In response to the allegations in the first three sentences of Paragraph 82, Defendant is without sufficient information or knowledge to admit or deny the allegations and therefore denies such allegations.  Defendant denies the allegations in the last sentence.

83.   Defendant denies the allegations in Paragraph 83 as stated but admits that McCoy visited Defendant's corporate offices in Lanham, Maryland in or about September 2005 and that Defendant's management encouraged McCoy to apply for employment with Defendant.

84.   Defendant denies the allegations in Paragraph 84 as stated but admits that Defendant evaluated McCoy's skills.

85.   Defendant denies the allegations in Paragraph 85.

86.   Defendant denies the allegations in Paragraph 86 but admits that the Local Union 70 of the IBEW classified McCoy as an intermediate splicer.

87.   Defendant denies the allegations in Paragraph 87.

88.   Defendant denies the allegations in the first sentence of Paragraph 88 as stated but admits that Orange discussed with McCoy some of the terms and conditions of employment with Defendant prior to hiring him.  Defendant denies the allegations in the second sentence.

89.   Defendant denies the allegations in Paragraph 89.

90.   In response to the allegations in Paragraph 90, Defendant admits that Orange told McCoy that he would be paid at the Journeyman Lineman rate, Defendant is without sufficient information or knowledge to admit or deny McCoy's alleged understanding and therefore denies such allegations, and Defendant denies the remaining allegations.

91.   Defendant denies the allegations in Paragraph 91.

92.   Defendant denies the allegations in Paragraph 92.

93.   Defendant denies the allegations in Paragraph 93.

94.   Defendant denies the allegations in Paragraph 94 but admits that McCoy was paid at the Journeyman Lineman rate except for two days and that McCoy did not receive the "guaranteed eight."

95.   Defendant denies the allegations in Paragraph 95 but admits that McCoy was initially based out of the Benning Road yard and was assigned to the crew of Terry.

96.   Defendant denies the allegations in Paragraph 96.

97.   Defendant denies the allegations in Paragraph 97 but admits that McCoy was paid at the Journeyman Lineman rate during the first two months of his employment.

98.   Defendant denies the allegations in Paragraph 98 but admits that McCoy discussed pay rates with Orange.

99.   Defendant denies the allegations in the first sentence of Paragraph 99 as stated but admits that McCoy and Orange discussed pay rates.  Defendant denies the allegations in the second and third sentences.

100. In response to the allegations in Paragraph 100, Defendant is without sufficient information or knowledge to admit or deny the allegations and therefore denies such allegations.

101. Defendant admits the allegations in the first sentence of Paragraph 101. Defendant denies the allegations in the second sentence as stated but admits that Kelley told McCoy that there would be splicing opportunities for him while working out of the Rockville yard.

102. Defendant denies the allegations in the first sentence of Paragraph 102 but admits that Robert Ezzell is white, is the General Foreman of the Rockville yard, and expected McCoy to perform splicing and non-splicing duties.  Defendant denies the allegations in the second sentence.

103. Defendant denies the allegations in Paragraph 103 as stated but admits that McCoy was paid at the Journeyman Lineman rate while he was assigned to the Rockville yard and that McCoy did not receive the "guaranteed eight."

104. Defendant denies the allegations in the first sentence of Paragraph 104 as stated but admits that in or around January 2006, McCoy performed approximately five splices, including four branch splices and one trifurcating splice.  Defendant denies the allegations in the second sentence of Paragraph 104 as stated, but admits that McCoy was paid at the Journeyman Lineman rate for this work.

105. Defendant denies the allegations in Paragraph 105.

106. Defendant denies the allegations in Paragraph 106.

107. Defendant denies the allegations in Paragraph 107 as stated but admits that on or about January 27, 2006 in Rockville, McCoy discussed cable splicing and pay rates with Orange, Cherba, and Miranda.

108. Defendant admits the allegations in the first sentence of Paragraph 108.  In response to the allegations in the second sentence, Defendant is without sufficient information or knowledge to admit or deny the allegations and therefore denies such allegations.  Defendant denies the allegations in the third, fourth, and fifth sentences.

109. Defendant denies the allegations in Paragraph 109.

110. Defendant denies the allegations in Paragraph 110.

111. Defendant denies the allegations in the first sentence of Paragraph 111 as stated but admits that McCoy was paid at the Cable Splicer rate for two days.  Defendant denies the allegations in the second sentence.

112. Defendant denies the allegations in Paragraph 112 as stated but admits that Orange, Miranda, Kelley, and Cherba met with McCoy on March 15, 2006 to discuss mistakes by him and problems with his work performance.

113. Defendant denies the allegations in Paragraph 113.

114. Defendant denies the allegations in Paragraph 114.

115. Defendant denies the allegations in Paragraph 115 as stated but admits that Snodgrass looked at the splices and there were no leaks at the time.

116. Defendant denies the allegations in Paragraph 116 but admits that McCoy's employment was terminated on May 4, 2006 during a meeting with Miranda, Cherba, Orange, and Kelley and that there currently are no African-American Cable Splicers employed by Defendant.

117. Defendant denies the allegations in the first sentence of Paragraph 117 as stated but admits that Defendant indicated that McCoy was "not qualified and will not accept training or direction from others" and "does not work well with others."  Defendant denies the allegations in the second and third sentences.

118. Defendant denies the allegations in Paragraph 118.

119. In response to the allegations in Paragraph 119, Defendant incorporates its responses to the foregoing Paragraphs 1-118 as if fully set forth herein.

120. Defendant admits the allegations in Paragraph 120.

121. Defendant denies the allegations in Paragraph 121.

122. Defendant denies the allegations in Paragraph 122.

123. Defendant denies the allegations in Paragraph 123.

124. Defendant denies the allegations in Paragraph 124.

125. Defendant denies the allegations in Paragraph 125.

126. Defendant denies the allegations in Paragraph 126.

127. Defendant denies the allegations in Paragraph 127.

128. In response to the allegations in Paragraph 128, Defendant incorporates its responses to the foregoing Paragraphs 1-127 as if fully set forth herein

129. Defendant admits the allegations in Paragraph 129.

130. Defendant denies the allegations in Paragraph 130.

131. Defendant denies the allegations in Paragraph 131.

132. Defendant denies the allegations in Paragraph 132.

133. Defendant denies the allegations in Paragraph 133.

134. Defendant denies the allegations in Paragraph 134.

135. Defendant denies the allegations in Paragraph 135.

136. Defendant denies the allegations in Paragraph 136.

137. In response to the allegations in Paragraph 137, Defendant incorporates its responses to the foregoing Paragraphs 1-136 as if fully set forth herein.

138. Defendant admits the allegations in Paragraph 138.

139. Defendant denies the allegations in Paragraph 139.

140. Defendant denies the allegations in Paragraph 140.

141. Defendant denies the allegations in Paragraph 141.

142. Defendant denies the allegations in Paragraph 142.

143. Defendant denies the allegations in Paragraph 143.

144. Defendant denies the allegations in Paragraph 144.

145. Defendant denies the allegations in Paragraph 145.

146. In response to the allegations in Paragraph 146, Defendant incorporates its responses to the foregoing Paragraphs 1-145 as if fully set forth herein.

147. Defendant admits the allegations in Paragraph 147.

148. Defendant denies the allegations in Paragraph 148 but admits that Plater received training in cable splicing.

149. Defendant denies the allegations in Paragraph 149.

150. Defendant denies the allegations in Paragraph 150.

151. Defendant denies the allegations in Paragraph 151.

152. Defendant denies the allegations in Paragraph 152.

153. Defendant denies the allegations in Paragraph 153.

154. Defendant denies the allegations in Paragraph 154.

155. Defendant denies the allegations in Paragraph 155.

156. In response to the allegations in Paragraph 156, Defendant incorporates its responses to the foregoing Paragraphs 1-155 as if fully set forth herein.

157. Defendant admits the allegations in Paragraph 157.

158. Defendant denies the allegations in Paragraph 158 but admits that Plater received training in cable splicing.

159. Defendant denies the allegations in Paragraph 159.

160. Defendant denies the allegations in Paragraph 160.

161. Defendant denies the allegations in Paragraph 161.

162. Defendant denies the allegations in Paragraph 162.

163. Defendant denies the allegations in Paragraph 163.

164. Defendant denies the allegations in Paragraph 164.

165. Defendant denies the allegations in Paragraph 165.

166. In response to the allegations in Paragraph 166, Defendant incorporates its responses to the foregoing Paragraphs 1-165 as if fully set forth herein.

167. Defendant admits the allegations in Paragraph 167.

168. Defendant denies the allegations in Paragraph 168 but admits that Plater received training in cable splicing.

169. Defendant denies the allegations in Paragraph 169.

170. Defendant denies the allegations in Paragraph 170.

171. Defendant denies the allegations in Paragraph 171.

172. Defendant denies the allegations in Paragraph 172.

173. Defendant denies the allegations in Paragraph 173.

174. Defendant denies the allegations in Paragraph 174.

175. Defendant denies the allegations in Paragraph 175.

176. In response to the allegations in Paragraph 176, Defendant incorporates its responses to the foregoing Paragraphs 1-175 as if fully set forth herein.

177. Defendant admits the allegations in Paragraph 177.

178. In response to the allegations in Paragraph 178, Defendant is without sufficient information or knowledge to admit or deny the allegations and therefore denies such allegations.

179. Defendant denies the allegations in Paragraph 179.

19

180. Defendant denies the allegations in Paragraph 180 as stated, but admits that an attorney on behalf of Plater sent a letter dated March 18, 2005 to Defendant, which letter speaks for itself.

181. Defendant denies the allegations in Paragraph 181 as stated, but admits that Plater filed a Charge of Discrimination dated May 19, 2005 with the EEOC.

182. Defendant admits the allegations in Paragraph 182.

183. Defendant denies the allegations in Paragraph 183.

184. Defendant denies the allegations in Paragraph 184.

185. Defendant denies the allegations in Paragraph 185.

186. Defendant denies the allegations in Paragraph 186.

187. Defendant denies the allegations in Paragraph 187.

188. Defendant denies the allegations in Paragraph 188.

189. In response to the allegations in Paragraph 189, Defendant incorporates its responses to the foregoing Paragraphs 1-188 as if fully set forth herein.

190. Defendant admits the allegations in Paragraph 190.

191. In response to the allegations in Paragraph 191, Defendant is without sufficient information or knowledge to admit or deny the allegations and therefore denies such allegations.

192. Defendant denies the allegations in Paragraph 192.

193. Defendant denies the allegations in Paragraph 193 as stated, but admits that an attorney on behalf of Plater sent a letter dated March 18, 2005 to Defendant, which letter speaks for itself.

194. Defendant denies the allegations in Paragraph 194 as stated, but admits that Plater filed a Charge of Discrimination dated May 19, 2005 with the EEOC.

195. Defendant admits the allegations in Paragraph 195.

196. Defendant denies the allegations in Paragraph 196.

197. Defendant denies the allegations in Paragraph 197.

198. Defendant denies the allegations in Paragraph 198.

199. Defendant denies the allegations in Paragraph 199.

200. Defendant denies the allegations in Paragraph 200.

201. Defendant denies the allegations in Paragraph 201.

202. In response to the allegations in Paragraph 202, Defendant incorporates its responses to the foregoing Paragraphs 1-201, as if fully set forth herein.

203. Defendant admits the allegations in Paragraph 203.

204. In response to the allegations in Paragraph 204, Defendant is without sufficient information or knowledge to admit or deny the allegations and therefore denies such allegations.

205. Defendant denies the allegations in Paragraph 205.

206. Defendant denies the allegations in Paragraph 206 as stated, but admits that an attorney on behalf of Plater sent a letter dated March 18, 2005 to Defendant, which letter speaks for itself.

207. Defendant denies the allegations in Paragraph 207 as stated, but admits that Plater filed a Charge of Discrimination dated May 19, 2005 with the EEOC.

208. Defendant admits the allegations in Paragraph 208.

209. Defendant denies the allegations in Paragraph 209.

210. Defendant denies the allegations in Paragraph 210.

211. Defendant denies the allegations in Paragraph 211.

212. Defendant denies the allegations in Paragraph 212.

213. Defendant denies the allegations in Paragraph 213.

214. Defendant denies the allegations in Paragraph 214.

215. In response to the allegations in Paragraph 215, Defendant incorporates its responses to the foregoing Paragraphs 1-214, as if fully set forth herein.

216. Defendant admits the allegations in Paragraph 216.

217. Defendant denies the allegations in Paragraph 217.

218. Defendant denies the allegations in Paragraph 218.

219. Defendant denies the allegations in Paragraph 219.

220. Defendant denies the allegations in Paragraph 220.

221. Defendant denies the allegations in Paragraph 221.

222. Defendant denies the allegations in Paragraph 222.

223. In response to the allegations in Paragraph 223, Defendant incorporates its responses to the foregoing Paragraphs 1-222, as if fully set forth herein.

224. Defendant admits the allegations in Paragraph 224.

225. Defendant denies the allegations in Paragraph 225.

226. Defendant denies the allegations in Paragraph 226.

227. Defendant denies the allegations in Paragraph 227.

228. Defendant denies the allegations in Paragraph 228.

229. Defendant denies the allegations in Paragraph 229.

230. Defendant denies the allegations in Paragraph 230.

231. In response to the allegations in Paragraph 231, Defendant incorporates its responses to the foregoing Paragraphs 1-230, as if fully set forth herein.

232. Defendant admits the allegations in Paragraph 232.

233. Defendant denies the allegations in Paragraph 233.

234. Defendant denies the allegations in Paragraph 234.

235. Defendant denies the allegations in Paragraph 235.

236. Defendant denies the allegations in Paragraph 236.

237. Defendant denies the allegations in Paragraph 237.

238. Defendant denies the allegations in Paragraph 238.

239. In response to the allegations in Paragraph 239, Defendant incorporates its responses to the foregoing Paragraphs 1-238, as if fully set forth herein.

240. Defendant admits the allegations in Paragraph 240.

241. Defendant denies the allegations in Paragraph 241.

242. Defendant denies the allegations in Paragraph 242.

243. Defendant denies the allegations in Paragraph 243.

244. Defendant denies the allegations in Paragraph 244.

245. Defendant denies the allegations in Paragraph 245.

246. Defendant denies the allegations in Paragraph 246.

247. Defendant denies the allegations in Paragraph 247.

248. In response to the allegations in Paragraph 248, Defendant incorporates its responses to the foregoing Paragraphs 1-247, as if fully set forth herein.

249. Defendant admits the allegations in Paragraph 249.

250. Defendant denies the allegations in Paragraph 250.

251. Defendant denies the allegations in Paragraph 251.

252. Defendant denies the allegations in Paragraph 252.

253. Defendant denies the allegations in Paragraph 253.

254. Defendant denies the allegations in Paragraph 254.

255. Defendant denies the allegations in Paragraph 255.

256. Defendant denies the allegations in Paragraph 256.

257. In response to the allegations in Paragraph 257, Defendant incorporates its responses to the foregoing Paragraphs 1-256, as if fully set forth herein.

258. Defendant admits the allegations in Paragraph 258.

259. Defendant denies the allegations in Paragraph 259.

260. Defendant denies the allegations in Paragraph 260.

261. Defendant denies the allegations in Paragraph 261.

262. Defendant denies the allegations in Paragraph 262.

263. Defendant denies the allegations in Paragraph 263.

264. Defendant denies the allegations in Paragraph 264.

265. In response to the allegations in Paragraph 265, Defendant incorporates its responses to the foregoing Paragraphs 1-264, as if fully set forth herein.

266. Defendant admits the allegations in Paragraph 266.

267. Defendant denies the allegations in Paragraph 267.

268. Defendant denies the allegations in Paragraph 268.

269. Defendant denies the allegations in Paragraph 269.

270. Defendant denies the allegations in Paragraph 270.

271. Defendant denies the allegations in Paragraph 271.

272. Defendant denies the allegations in Paragraph 272.

273. In response to the allegations in Paragraph 273, Defendant incorporates its responses to the foregoing Paragraphs 1-272, as if fully set forth herein.

274. Defendant admits the allegations in Paragraph 274.

275. Defendant denies the allegations in Paragraph 275.

276. Defendant denies the allegations in Paragraph 276 but admits that it terminated McCoy's employment.

277. Defendant denies the allegations in Paragraph 277.

278. Defendant denies the allegations in Paragraph 278.

279. Defendant denies the allegations in Paragraph 279.

280. Defendant denies the allegations in Paragraph 280.

281. Defendant denies the allegations in Paragraph 281.

282. Defendant denies the allegations in Paragraph 282.

283. Defendant denies the allegations in Paragraph 283.

284. In response to the allegations in Paragraph 284, Defendant incorporates its responses to the foregoing Paragraphs 1-283, as if fully set forth herein.

285. Defendant admits the allegations in Paragraph 285.

286. Defendant denies the allegations in Paragraph 286.

287. Defendant denies the allegations in Paragraph 287 but admits that it terminated McCoy's employment.

288. Defendant denies the allegations in Paragraph 288.

289. Defendant denies the allegations in Paragraph 289.

290. Defendant denies the allegations in Paragraph 290.

291. Defendant denies the allegations in Paragraph 291.

292. Defendant denies the allegations in Paragraph 292.

293. Defendant denies the allegations in Paragraph 293.

294. Defendant denies the allegations in Paragraph 294.

Defendant denies that Plaintiffs are entitled to judgment against it, and Defendant further denies that Plaintiffs are entitled to the relief sought in the Amended Complaint or any other relief whatsoever.

Defendant denies any allegations in the Amended Complaint not specifically admitted, denied or otherwise fully responded to herein.

## THIRD DEFENSE

Plaintiffs' claims are barred, in whole or in part, by the applicable statutes of limitations and the doctrine of laches.

## FOURTH DEFENSE

Plaintiffs' claims are barred, in whole or in part, to the extent that they failed to exhaust any remedies and/or take any actions required by law.

## FIFTH DEFENSE

Plaintiffs' claims are barred, in whole or in part, to the extent that they failed to exhaust any remedies and/or take any actions required by applicable collective bargaining agreements.

## SIXTH DEFENSE

Plaintiffs' claims are barred by the fact that their employment was at will and could have been altered or terminated at any time for any reason by Defendant.

## SEVENTH DEFENSE

Plaintiffs' discrimination claims are barred because any employment actions taken by Defendant with respect to Plaintiffs were for legitimate and non-discriminatory reasons.

## EIGHTH DEFENSE

Plaintiffs' claims are barred, in whole or in part, because Defendant had and has in place an effective policy against unlawful discrimination, harassment, and retaliation.

## NINTH DEFENSE

Plaintiffs' claims are barred, in whole or in part, because Plaintiffs failed to timely and properly notify Defendant of any of the alleged discrimination or harassment.

## TENTH DEFENSE

Plaintiffs' claims are barred, in whole or in part, because Defendant did not know, nor should it have known, of the alleged unlawful acts, and therefore did not have an opportunity to take corrective action.

## ELEVENTH DEFENSE

Plaintiffs' claims are barred, in whole or in part, because Defendant exercised reasonable care to prevent and correct promptly any harassing or discriminating behavior of which it was aware.

## TWELFTH DEFENSE

Plaintiffs' claims are barred, in whole or in part, because Plaintiffs unreasonably failed to take advantage of preventative and corrective opportunities provided by Defendant, or to otherwise avoid harm.

## THIRTEENTH DEFENSE

Plaintiffs' are not entitled to the relief they seek because they failed to mitigate their damages.

## FOURTEENTH DEFENSE

Plaintiffs' claims for punitive damages are barred because the Amended Complaint does not state or allege a sufficient factual and/or legal basis for such a claim.

## ADDITIONAL DEFENSES

Plaintiffs' claims are barred, in whole or in part, by the doctrines of estoppel, waiver, set-off, unclean hands, and by any equitable defenses found to be factually merited in trial of this action.

WHEREFORE, Defendant respectfully requests that the Amended Complaint be dismissed with prejudice and that costs and such further additional relief as the Court deems appropriate be awarded to Defendant.

Respectfully submitted,

William P. Flanagan (#419287)
Dean A. Romhilt (#467253)
Emily Glendinning (#480855)
HOGAN & HARTSON LLP
8300 Greensboro Drive, Suite 1100
McLean, VA  22102
703-610-6100
703-610-6200 (fax)

Dated:  December 6, 2006

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing Answer to Amended Complaint was served by first-class U.S. mail, postage pre-paid, on this 6th day of December, 2006 on:


Warren K. Kaplan
Washington Lawyers' Committee for Civil Rights & Urban Affairs
11 Dupont Circle NW, Suite 400
Washington, DC  20036


Joseph G. Davis
Jocelyn C. Flynn
Renee L. Thorne
Rachel Sheridan
Willkie Farr & Gallagher LLP
1875 K Street NW
Washington, DC  20006


_____
Dean A. Romhilt