UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| LEROY PLATER, JR., et al., )<br>)<br>Plaintiffs, )<br>)<br>v. )<br>)<br>W.A. CHESTER, L.L.C., )<br>)<br>Defendant. )<br>) | Case No. 1:06cv01219 (PLF) |

## MOTION TO COMPEL PLAINTIFF'S MEDICAL RECORDS

Pursuant to Fed. R. Civ. P. 37, Defendant W.A Chester L.L.C. ("Chester"), by counsel, moves this Court for an Order compelling Plaintiff Leroy Plater to produce his medical records, which are relevant to his claims in this discrimination case. Pursuant to Local Rule 7(m), Chester's counsel corresponded with Plaintiffs' counsel several times in writing and by telephone in a good faith effort to resolve these discovery deficiencies, but Plaintiffs have refused to provide the records..

In support of this Motion, Chester refers the Court to the attached Memorandum of Points and Authorities, which is incorporated herein.

A proposed Order is attached.

          Respectfully submitted,

          _____
          William P. Flanagan (#419287)
          Dean A. Romhilt (#467253)
          Emily J. Glendinning (#480855)
          HOGAN & HARTSON LLP
          8300 Greensboro Drive, Suite 1100
          McLean, VA  22102
          703-610-6100
          703-610-6200 (fax)

Dated:  December 8, 2006

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| LEROY PLATER, JR., et al., )<br>)<br>Plaintiffs, )<br>)<br>v. )<br>)<br>W.A. CHESTER, L.L.C., )<br>)<br>Defendant. )<br>) | Case No. 1:06cv01219 (PLF) |

## MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF MOTION TO COMPEL PLAINTIFF'S MEDICAL RECORDS

Defendant W.A. Chester L.L.C. ("Chester") has sought in discovery Plaintiffs medical records – which bear directly on his emotional distress claim in this case – but his counsel has refused to provide them. For the reasons below, production should be compelled.

### Background

On July 6, 2006, Plaintiffs Leroy Plater and Mark McCoy brought this case against Chester in this Court, alleging discrimination in employment. Plaintiffs seek compensatory and punitive damages, including damages for "severe emotional pain and distress, mental anguish, humiliation and embarrassment."[1]

On September 7, 2006, Chester served Requests for Production of Documents and Interrogatories on Plaintiffs Plater and McCoy, which were slightly revised on October 6, 2006. Interrogatory No. 20 asked Mr. Plater to:

> Identify all physicians, medical professionals, psychiatrists, psychologists and other mental health professionals, social workers, therapists, counselors,

---

[1]  Compl. at ¶¶ 126, 135, 144, 153, 163, 172, 185, 197, 209, 243, 252, 278, 289.

"professional help," or other health care providers whom you have consulted for any physical, mental, or emotional condition or distress from April 24, 1999 to the present, including without limitation the dates you consulted each such health care provider; the reason for and nature of the consultation (including the specific type of condition for which treatment was sought); the area of expertise of each such health care provider; the diagnosis, if any, of the health care provider; the treatment you received from the health care provider; and the effect of such treatment on you and/or your wife and children.

Document Request No. 32 asked Mr. Plater for:

To the extent that they are not responsive to any of the above Requests, any and all medical and psychological records, physician's and nurse's notes, prescriptions, bills, statements, insurance claim forms, receipts, and other documents relating to all physicians, medical professionals, psychiatrists, psychologists and other mental health professionals, social workers, therapists, counselors or other health care providers whom you have consulted for any physical, mental, or emotional condition, distress, or strain from April 24, 1999 to the present.

In response to Interrogatory No. 20, Mr. Plater provided a list of seven health care providers.[2] In response to Document Request No. 32, Mr. Plater produced a handful of documents, most of which are copies of prescriptions.[3]

On November 10, 2006, Chester's counsel sent a letter to Plaintiffs' counsel enclosing a medical release form so Chester could obtain Mr. Plater's medical records directly from his health care providers. See Exhibit A, November 10, 2006 Letter. Plaintiffs' counsel responded that Mr. Plater would not sign the medical release and that Mr. Plater would not produce all records requested but only those records that his counsel deemed relevant.

Chester's counsel stated that Chester was willing to forego obtaining the medical records directly from the health care providers if Plaintiffs' counsel were willing to produce a

---

[2] To date, Chester has not received complete information for any of the health care providers listed in response to Interrogatory No. 20.

[3] Mr. McCoy's responses confirmed that he has not seen any health care providers from January 1, 2003 to the present. Mr. McCoy produced no medical records.

2

complete set of all medical records, but that Chester would not agree to accept a subset of Mr. Plater's medical records. Chester's counsel asked if there were specific health issues that Mr. Plater sought to protect from discovery and offered to consider excluding these issues if Mr. Plater would identify them. Plaintiffs' counsel rejected this offer and again stated that Mr. Plater would not produce all medical records requested but would produce a subset of records that Plaintiff's counsel contends are relevant. To date, Mr. Plater has not identified any discrete health issues he would like Chester to consider excluding from its request.

Chester's counsel followed up on November 27, 2006 with a letter to Plaintiffs' counsel that outlined Chester's position and provided relevant District of Columbia case law. See Exhibit B, November 27, 2006 Letter. Plaintiffs' counsel responded on November 30, 2006, claiming that Mr. Plater did not sign the medical release due to privacy concerns, and did not respond at all. See Exhibit C, November 30, 2006 Letter. Chester's counsel noted that Mr. Plater's concerns for his "privacy" have no basis in light of the fact that Mr. Plater himself put his medical condition at issue in this case, and there is in any event a Confidentiality Order in place to protect his interests. See Exhibit D, November 30, 2006 Letter. The letter concluded with a request that by December 5, 2006 Mr. Plater either sign the medical release form or withdraw his claim for emotional distress damages. Id.

After another round of correspondence, Plaintiffs' counsel responded by letter on December 4, 2006, stating that any motion to compel would "slow our collection and review of Mr. Plater's records." See Exhibit E, December 4, 2006 Letter.

To date, despite its efforts to resolve the situation without resort to the Court, Chester has not received Mr. Plater's complete medical records or notice that he will withdraw his claim for emotional distress damages. Accordingly, because Mr. Plater's continued delay has

prejudiced it in defending itself against his allegations, Chester files this Motion to Compel Plaintiff's Medical Records.

## Argument

Chester is entitled to Mr. Plater's complete medical records, which are at the center of Mr. Plater's damages claim and will most likely lead to admissible evidence concerning Mr. Plater's alleged emotional distress. Mr. Plater's refusal to produce his complete medical records because of privacy concerns has no basis in light of the fact that Mr. Plater himself put his medical condition squarely at issue in this case by bringing no fewer than nine separate claims for "severe" emotional distress damages. Mr. Plater cannot now prevent Chester from evaluating the strength of those claims and investigating whether other causes may have contributed to his alleged emotional distress. In addition, the parties have entered into a Confidentiality Order that provides substantial protection for confidential information. Indeed, the Confidentiality Order specifically states that "medical history" may be designated as "Confidential." See Confidentiality Order at ¶ 2. Mr. Plater's concern for his privacy, therefore, is unwarranted.

Mr. Plater's position is contrary to well-settled District of Columbia law. For example, in Moore v. Chertoff, No. 00-953, 2006 WL 1442447 (D.D.C. May 22, 2006), a case involving a claim for emotional distress caused by alleged racial discrimination, the court held that the plaintiffs could not shield their medical records from discovery. The court stated, "Where a plaintiff alleges emotional distress, a defendant is entitled to explore whether causes unrelated to the alleged wrong contributed to plaintiff's emotional distress, and a defendant may propound discovery of any relevant medical records in an effort to do so." Moore, 2006 WL 1442447 at * 2 (collecting cases). The court continued, "Plaintiffs may not withhold from the

4

defendant as irrelevant medical records that could be probative of potential causes contributing to plaintiffs' alleged injuries." Id. at *3.

Similarly, in Lebron v. Powell, 217 F.R.D. 72, 77 (D.D.C. 2003), the court affirmed this basic principle, noting that:

> The [defendant] expressed its intent to do what any litigant will do when confronted with a claim of emotional distress. [Defendant's counsel] intended to collect from all of plaintiff's medical providers the records pertaining to plaintiff's treatment and make them available to the [defendant's] expert, who could then make the best informed judgment after conducting her evaluation of plaintiff.

Because the plaintiff repeatedly refused to provide this information, the Lebron court precluded plaintiff from seeking compensatory damages based on the alleged emotional distress she suffered, and it held that it would deduct from plaintiff's recovery, if any, the defendant's costs and attorney's fees incurred in seeking the discovery. Lebron, 217 F.R.D. at 78.

Finally, in Whitbeck v. Vital Signs, Inc., 163 F.R.D. 398, 399-400 (D.D.C. 1995), the court held that where the plaintiff puts her medical condition at issue, the defendant is entitled to broad discovery of the plaintiff's medical records. In such a situation, the court held, "the party presenting evidence cannot merely choose how much to disclose but must submit his or her evidence to the adversarial process." Id. at 399. Under the liberal standard to be applied at the discovery stage, "a party may discover information if such information will have some probable effect on the organization and presentation of the moving party's case." Id. at 399-400 (citations omitted).

Mr. Plater's response is that his counsel should be permitted to review the records for "relevancy" and produce only a limited subset of what his counsel deems relevant to his claims in this case. As the case law makes clear, however, all of the records requested are relevant. If Mr. Plater is permitted to choose which evidence to produce, Chester cannot

5

adequately explore whether causes unrelated to the alleged wrong contributed to his emotional distress.[4] Clearly, if Mr. Plater suffered from other mental or physical problems in the past or from some other cause, that undermines his claim that Chester caused his emotional distress. Chester is entitled to these records so that it may make a complete evaluation of Mr. Plater's claims.

Should Mr. Plater nevertheless refuse to produce his complete medical records, Chester requests that the Court strike his claims for "emotional distress" damages.

### Conclusion

For the foregoing reasons, Chester respectfully requests that the Court enter an Order compelling Plaintiff to provide all medical records requested in Document Request No. 32.

Respectfully submitted,

_____/s/_____
William P. Flanagan (#419287)
Dean A. Romhilt (#467253)
Emily J. Glendinning (#480855)
HOGAN & HARTSON LLP
8300 Greensboro Drive, Suite 1100
McLean, VA 22102
703-610-6100
Dated: December 8, 2006                703-610-6200 (fax)

---

[4] During counsel's November 21, 2006 telephone conversation, Chester's counsel asked if there were specific health issues that Mr. Plater sought to protect from discovery, and she offered to consider excluding these issues if Mr. Plater would identify them. In his December 4, 2006 letter, Plaintiffs' counsel contends that he cannot identify any such issues because he has not yet reviewed Mr. Plater's medical records. Plaintiffs' counsel's claim, however, rings false in light of his ability to simply speak to his client about any such issues. Given that to date Mr. Plater still has not identified any such issues, Chester assumes that there are none.

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing Motion to Compel Plaintiff's Medical Records and Memorandum of Points and Authorities in Support of Motion to Compel Plaintiff's Medical Records was served by electronic mail and U.S. Mail, postage pre-paid, on December 8, 2006 on:

>Susan E. Huhta
>Warren K. Kaplan
>Washington Lawyers' Committee for Civil Rights & Urban Affairs
>11 Dupont Circle NW, Suite 400
>Washington, DC  20036
>
>Joseph G. Davis
>Jocelyn C. Flynn
>Renee L. Thorne
>Willkie Farr & Gallagher LLP
>1875 K Street NW
>Washington, DC  20006

>_____/s/_____
>Emily J. Glendinning