# HOGAN & HARTSON

Hogan & Hartson LLP
8300 Greensboro Drive
Suite 1100
McLean, VA 22102
+1.703.610.6100 Tel
+1.703.610.6200 Fax

www.hhlaw.com

November 27, 2006

Emily J. Glendinning
+1.703.610.6191
ejglendinning@hhlaw.com

*BY ELECTRONIC MAIL AND U.S. MAIL*

Patrick Sullivan, Esq.
Willkie Farr & Gallagher LLP
1875 K Street, N.W.
Washington, D.C. 20006

Re:  <u>Plater and McCoy v. W.A. Chester L.L.C.</u>

Dear Patrick:

I am writing with regard to W.A. Chester L.L.C.'s ("Chester") request for your client Leroy Plater's medical records. Specifically, in Request for Production No. 32, Chester requests:

> To the extent that they are not responsive to any of the above Requests, any and all medical and psychological records, physician's and nurse's notes, prescriptions, bills, statements, insurance claim forms, receipts, and other documents relating to all physicians, medical professionals, psychiatrists, psychologists and other mental health professionals, social workers, therapists, counselors or other health care providers whom you have consulted for any physical, mental, or emotional condition, distress, or strain from April 24, 1999 to the present.

After waiting a month for production of these records, I sent a medical release form to your colleague Jocelyn Flynn on November 10, 2006 and asked that Mr. Plater sign the form so that Chester could obtain the requested records directly from Mr. Plater's health care providers. I asked that Ms. Flynn return the release to my attention by November 20, 2006.

On November 20, 2006, you left me a voicemail indicating that Mr. Plater would not sign the release and that Mr. Plater would not produce all records requested but only those records that you deem relevant. During our telephone conversation on November 21, 2006, I reiterated Chester's request and explained that Mr. Plater himself put his physical and mental health at issue in this case. See Amended Complaint at ¶¶ 126, 135, 144, 153, 163, 173, 186, 199, and 212. I stated that Chester was willing to forego obtaining the medical records directly from the health care providers if you were willing to produce a complete set of all medical records, but that Chester would not agree to accept a subset of Mr. Plater's medical records. You indicated that you would consider this proposal.

Patrick Sullivan, Esq.
November 27, 2006
Page 2

On November 22, 2006, I received an email from you in which you stated that you would "provide [Chester] medical information concerning the health matters of which Mr. Plater alleges in his suit. Specifically, we will obtain Mr. Plater's medical records concerning the increase in strength of Mr. Plater's blood pressure medicine and mental or emotional counseling he has received."

As I explained to you during our November 22, 2006 telephone conversation, Mr. Plater's refusal to produce his complete medical records is contrary to well-settled District of Columbia law. For example, in Moore v. Chertoff, 2006 WL 1442447 (D.D.C. May 22, 2006), a case involving a claim for emotional distress caused by alleged racial discrimination in the workplace, the court held that the plaintiffs could not shield their medical records from discovery. The court stated, "Where a plaintiff alleges emotional distress, a defendant is entitled to explore whether causes unrelated to the alleged wrong contributed to plaintiff's emotional distress, and a defendant may propound discovery of any relevant medical records in an effort to do so." Moore, 2006 WL 1442447 at * 2 (collecting cases). The court continued, "Plaintiffs may not withhold from the defendant as irrelevant medical records that could be probative of potential causes contributing to plaintiffs' alleged injuries." Id. at *3; see also Lebron v. Powell, 217 F.R.D. 72, 77 (D.D.C. 2003) (defendant is entitled to plaintiff's complete medical records to evaluate claim of emotional distress stemming from claims of employment discrimination); Whitbeck v. Vital Signs, Inc., 163 F.R.D. 398, 399-400 (D.D.C. 1995) (where plaintiff puts her medical condition at issue, defendant is entitled to broad discovery of medical records, and plaintiff may not choose how much evidence to disclose).

Mr. Plater himself put his medical condition at issue in this case when he brought a claim for emotional distress damages. He cannot now prevent Chester from evaluating the strength of that claim and exploring whether other causes may have contributed to his alleged emotional distress. Chester is entitled to Mr. Plater's complete medical records.

Accordingly, if Mr. Plater intends to pursue his claim for emotional distress damages, Chester asks that Mr. Plater either sign the medical release form or produce all medical records requested from April 24, 1999 to the present from Dr. Abdulhosein Adham, Dr. Haft (first name unknown), Dr. Steven Herschkovitz, Dr. Vladimir Kakitelashvili, Dr. Carol Marcy, Dr. Sadhev (first name unknown), Virginia Vesay, and any other physician, medical professional, psychiatrist, psychologist, other mental health professional, social worker, therapist, counselor, "professional help," or other health care provider consulted for any physical, mental, or emotional condition. Given that Mr. Plater's response to Chester's requests for production were due six weeks ago, Chester asks that you provide either the signed release or the complete medical records by December 15, 2006. Alternatively, Mr. Plater may withdraw his claim for emotional distress damages. See Alexander v. Federal Bureau of Investigation, 186 F.R.D. 54, 57 (D.D.C. 1998) (court would not compel production of medical records where plaintiff agreed to amend complaint to forego any claim for special damages arising from emotional distress).

Chester reiterates its desire to cooperate and work in good faith to resolve this issue. However, should Mr. Plater refuse to choose between signing the medical release, producing his complete medical records, or withdrawing his claim for emotional distress damages, Chester will seek intervention by the Court.

Patrick Sullivan, Esq.
November 27, 2006
Page 3

As always, if you have any questions, please feel free to contact me at the number listed above.

Sincerely,

Emily J. Glendinning