# WILLKIE FARR & GALLAGHER LLP

1875 K Street, N.W.
Washington, DC 20006-1238
Tel: 202 303 1000
Fax: 202 303 2000

December 4, 2006

**VIA E-MAIL AND FIRST CLASS MAIL**

Emily J. Glendinning, Esq.
Hogan & Hartson LLP
8300 Greenboro Drive
Suite 1100
McLean, VA 22102

Re:   Plater v. W.A. Chester, L.L.C. (Case No. 1:06CV01219 (PLF/AK))

Dear Emily:

I write in response to your letter dated December 1, 2006, stating that while you have supported the withholding of a plaintiff's irrelevant and extremely personal medical records in the past, W.A. Chester L.L.C.'s ("Chester") will not tolerate review of Mr. Plater's medical records by his counsel in order to identify such issues.

I have not, at any point in our communications, rejected your offer to allow withholding any irrelevant, extremely personal medical records. When, on November, 21, 2006, you related circumstances in a past case where such records were withheld, I stated clearly that I did not know if similar issues existed in the present case because Mr. Plater's medical records were not yet collected. It is out of concern of the possible existence of such issues that we seek to review Mr. Plater's records before producing them to Chester.

We are diligently working with Mr. Plater's care providers from 1999 to present to collect and review his medical records; none of these records are yet in our possession. Therefore, it is impossible to determine if irrelevant records exist that Mr. Plater would seek to withhold. We fully intend to provide to Chester all relevant medical records and discuss with you your willingness to allow us to withhold any medical records that are irrelevant and extremely personal in the coming days.

It appears that forcing Mr. Plater to abandon some of his claims, providing unfettered access to medical records not seen by his counsel, or filing a motion on this matter is of greater priority to Chester than obtaining Mr. Plater's relevant medical records. Should you allow us a few days to compile and produce Mr. Plater's medical records, we are confident that you will be satisfied with the results. Moving to compel at this point would slow our collection and review of Mr. Plater's records, thereby delaying production of the very records you seek. Further, it is possible that Chester will receive production of all the medical records it seeks prior to resolution of this matter through motions practice, making the motion to compel moot. Thus, in order for Chester to obtain Mr. Plater's medical records in the shortest amount of time, we request that you work with us in a voluntary manner over

Emily J. Glendinning, Esq.
December 4, 2006
Page 2

the coming days and table your plans to move to compel until there is a legitimate possibility that relevant records you seek will be withheld.

    I appreciate your efforts to resolve this matter.  Please contact me if you have any questions.

Sincerely,

Patrick Sullivan

cc:    Joseph G. Davis
       Warren K. Kaplan
       Jocelyn C. Flynn
       William P. Flanagan
       Dean A. Romhilt