UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

**FILED**
JUN 1 5 2007
NANCY MAYER WHITTINGTON, CLERK
U.S. DISTRICT COURT

LEROY PLATER, JR., et al., )
            Plaintiffs, )
            v. ) Case No. 1:06cv01219 (PLF/JMF)
W.A. CHESTER, L.L.C., )
            Defendant. )

## ORDER

Upon consideration of the Joint Motion to Enter Settlement Order of Plaintiffs Leroy Plater, Jr. and Mark McCoy and Defendant W.A. Chester, L.L.C. ("Defendant" or "Chester"), in which the parties have informed the Court that they have resolved all disputes between them and have entered into a written Settlement Agreement and General Release of Claims ("Settlement Agreement"), and in which the parties move the Court to enter certain substantive terms of the Settlement Agreement as an Order of the Court, and upon consideration of the entire record herein, it is hereby

ORDERED that the Joint Motion Be, and the same hereby Is, GRANTED; and it is further ORDERED as follows:

1. This Court shall retain jurisdiction over this matter during the term of this Order (as set forth in Paragraph 10 below) to enforce the terms of the Settlement Agreement and this Order.

2. All proceedings, actions and Court deadlines in this case are hereby terminated, and no further actions in this case, except those that relate to enforcement of the parties' settlement (which are described below), shall be permitted.

3. Defendant shall, within the time and in the manner specified in the Settlement Agreement, pay to Plaintiffs the amounts set forth in the Settlement Agreement, in full and complete satisfaction of Plaintiffs' claims for damages and attorneys' fees. The parties and their Counsel shall keep such amounts confidential pursuant to the terms of the Settlement Agreement.

4. Defendant shall implement two organizational changes. First, within one month of the date of this Order, if it has not done so already, Defendant shall create and fill the position of Human Resources Manager ("HR Manager"), which shall be a non-bargaining unit, management-level position reporting directly to Defendant's President. The HR Manager shall have the following specific responsibilities:

 i. to oversee all human resource issues, including Equal Employment Opportunity ("EEO") compliance, hiring, training, promotion and discipline decisions;

 ii. to oversee implementation of policies involving hiring, work assignments, splicing training, promotion, pay and discipline;

 iii. to conduct, with the substantive assistance of the Outside Consultant (as defined below) during the term of this Order, the investigation of any claimed violations of Chester's EEO policies or anti-discrimination laws;

 iv. to serve as an available reporting person to receive complaints from Chester employees about violations of Chester's EEO policies or anti-discrimination laws;

      v.    to draft written investigation reports, with the substantive assistance of the Outside Consultant during the term of this Order (who then shall provide them to Washington Lawyers' Committee for Civil Rights and Urban Affairs and Willkie Farr & Gallagher LLP (collectively "Plaintiffs' Counsel")), summarizing all allegations of violations of Chester's EEO policies or anti-discrimination laws, the subsequent investigation of such alleged violations, and the findings within ten business days after arriving at those findings; and

      vi.    to draft Progress Reports and a Final Report (as defined below in Paragraph 8) and provide them to the Outside Consultant.

Second, also within one month of the date of this Order, Defendant shall retain an outside, independent consultant with experience in EEO compliance ("Outside Consultant"). Selection of the Outside Consultant shall be subject to the approval of Plaintiffs' Counsel, who shall not unreasonably withhold approval. If Plaintiffs' Counsel does not accept Defendant's selection for Outside Consultant, then Plaintiffs' Counsel shall provide Defendant with the names of three qualified persons and shall ask Defendant to select an Outside Consultant from among those three persons. If the Parties are unable to agree on an Outside Consultant, then the Outside Consultant shall be selected as provided for in the Settlement Agreement. The Outside Consultant shall, during the term of this Order, have the following specific responsibilities:

      i.    to serve as an available reporting person to receive complaints from Chester employees, in the event such employees do not feel comfortable making a complaint directly to the HR Manager, other Chester management, or any available hotline, about violations of Chester's EEO policies or anti-discrimination laws;

      ii.    to conduct, with the HR Manager, the investigation of any claimed violations of Chester's EEO policies or anti-discrimination laws, including meeting with the HR

Manager to develop a strategy to investigate the alleged violation, participating with the HR Manager in the review of any documents and in any employee interviews required to complete the investigation, and advising the HR Manager with respect to any factual findings following the investigation. In the event the Outside Consultant disagrees with the adequacy of the investigation, the HR Manager's findings, or the proposed discipline, the Outside Consultant may state his/her disagreement in a supplemental report, which shall be made part of the investigation report. If the parties are unable to amicably resolve any such disagreement relating to any investigation, Plaintiffs' Counsel may refer the matter to the Magistrate Judge, as described below in Paragraph 9, for adjudication. Notwithstanding the above, the HR Manager may take prompt disciplinary action in the event the HR Manager concludes that there has been a violation of Chester's EEO policies that requires immediate action;

      iii.    to approve all new EEO policies (unless already approved by Plaintiffs' Counsel);

      iv.    to review and comment to the HR Manager on other new personnel policies required by this Order; and

      v.    to review the Progress Reports prepared by the HR Manager and provide them, with any comments made by the Outside Consultant, to Plaintiffs' Counsel (with a copy to Chester).

In carrying out his/her responsibilities, the Outside Consultant shall have access to Chester's records, documents, and personnel as may be reasonably necessary to perform his/her responsibilities.

      5.    Defendant shall retain an experienced vendor to provide, for all of its employees in the Washington, D.C. area, one to two days of diversity training, plus any follow-

up training recommended by the vendor after consultation with Defendant. Management-level employees shall receive additional coaching or training as may be recommended by the vendor and agreed to by Defendant. Thereafter, Defendant shall conduct refresher training on an annual basis for its employees in the Washington, D.C. area. In addition, Defendant shall provide diversity training annually for new hires in the Washington, D.C. area in such form and content as the vendor may recommend. Any employee who fails to attend diversity training without good cause (as determined by the HR Manager) shall be subject to discipline.

      6.      Within thirty days of this Order, Defendant's President shall deliver a speech to employees in the Washington, D.C. area, the content of which has been agreed to by the parties. The speech shall then be posted in conspicuous locations at all of Defendant's facilities in the Washington, D.C. area for a period of at least one month.

      7.      Within sixty days of this Order, Defendant shall disseminate to its employees in the Washington, D.C. area, and post in a conspicuous place at each of its facilities in the Washington, D.C. area, the specific workplace policies and practices identified in subsections (a) through (f) below (the "Policies"). Defendant shall make a good faith effort to provide the proposed Policies to Plaintiffs' Counsel for comment no later than fourteen days prior to implementation. The HR Manager shall provide a copy of the final Policies to Plaintiffs' Counsel promptly after they are promulgated. All records or reports related to the Policies shall be kept in one centralized location and shall be accessible to the HR Manager and the Outside Consultant.

      a.      <u>EEO Compliance</u>. As part of the one to two days of diversity training, Defendant's President shall publicly acknowledge and emphasize his and Defendant's commitment to EEO laws and principles. In addition, Defendant shall implement new written

EEO policies that shall include formal complaint and investigation procedures, provide the name and contact information of the Outside Consultant, and state that the Outside Consultant shall be an available reporting person to receive and investigate complaints of violations of Defendant's EEO policies or anti-discrimination laws. Defendant shall document all EEO complaints, if any, and the investigations, findings, and discipline, if any, imposed.

      b.    <u>Zero Tolerance</u>. Defendant shall implement a new zero tolerance policy prohibiting all acts of discrimination or retaliation that is applicable to all supervisors, the content of which has been agreed to by the parties.

      c.    <u>Work Assignments</u>. Defendant shall develop a system for crew assignments for its employees in the Washington, D.C. area who are members of Local 24 or Local 70 of the International Brotherhood of Electrical Workers ("Union" employees) as specified in the Settlement Agreement so that cable splicing opportunities are made available on an equitable, non-discriminatory basis. Crew assignments and splicing jobs shall be documented in writing, and the documentation shall be preserved. In addition, Defendant shall develop a standardized equipment list for the particular classifications of its Union employees in the Washington, D.C. area and shall monitor situations to ensure that all such employees receive appropriate equipment. Defendant shall make out-of-town work assignments for Union employees in the Washington, D.C. area available on an equitable, non-discriminatory basis as specified in the Settlement Agreement; shall develop a process to ensure that all such out-of-town assignments are posted and made available to interested employees on an equitable, non-discriminatory basis; and shall document such assignments.

      d.    <u>Training and Promotion</u>. Defendant shall make training opportunities available to its Union employees in the Washington, D.C. area on an equitable,

non-discriminatory basis as specified in the Settlement Agreement and shall post a sign up sheet for all training programs available for such employees so that they can express interest. Defendant shall maintain a record of sign up sheets and document which employees were selected. In addition, Defendant shall promote its employees in compliance with all applicable EEO policies and laws. Defendant shall post all promotion opportunities available to its Union employees in the Washington, D.C. area and keep a record of all candidates considered for such open positions. All candidates who apply for such positions and who satisfy the minimum qualifications for promotion shall be entitled to an interview. In each case of promotion, the records shall include an explanation of the reasons for the selection of the chosen applicant and, where applicable, the non-selection of any applicants. Defendant shall make temporary foreman jobs in the Washington, D.C. area available on an equitable, non-discriminatory basis as specified in the Settlement Agreement, shall develop a process to ensure that temporary advancement to foreman opportunities are made available to interested employees, and shall document such opportunities.

      e.    <u>Pay Practices</u>. Defendant shall clarify pay practices for each Union job classification and shall implement a written policy specifying the pay employees shall receive for a given task, as specified in the Settlement Agreement. Defendant shall provide documentation to Union employees in the Washington, D.C. area with their paychecks or pay receipts that reflects hours during which the employee is being paid at a rate other than that applicable to his Union classification. Defendant shall make overtime opportunities for Union employees in the Washington, D.C. area available on an equitable, non-discriminatory basis and shall document such overtime opportunities and assignments.

    f. <u>Discipline</u>. Defendant shall implement a written progressive discipline policy applicable to its employees in the Washington, D.C. area. All disciplinary action taken against such employees shall be documented.

    8. On September 7, 2007 and January 7, May 7, and September 8 of 2008, the HR Manager shall submit a written progress report ("Progress Report") to the Outside Consultant. Each Progress Report shall contain the following information with respect to Defendant's Union employees based in the Washington, D.C. area:

    i. data by race regarding promotions (including temporary "promotions"), involuntary terminations, and disciplinary actions, showing who was the recipient of each such personnel action;

    ii. data by race regarding splicing assignments, showing who has received those assignments;

    iii. data by race regarding out-of-town assignments, showing who has received those assignments;

    iv. data by race on attendees at all Chester training sessions;

    v. data outlining the racial composition of Chester's workforce by job title;

    vi. a description of any EEO complaints lodged during the reporting period and how they were resolved, including but not limited to the nature of the allegations, a detailed description of the investigation, the findings of the investigation, and the discipline imposed, if any; and

    vii. a description of Chester's implementation of, and compliance with, the Policies described in this Order.

On December 3, 2008, the HR Manager shall submit a final written report ("Final Report") to the Outside Consultant summarizing compliance with the Settlement Agreement and Defendant's implementation of the Policies. The Outside Consultant shall review each Report and may request additional information reasonably necessary to address any aspect of it, which Defendant shall promptly provide. The Outside Consultant shall then either adopt it or provide his/her substantive comments to it, stating the reasons why the Outside Consultant does not adopt the Report. The HR Manager shall then provide the Report, together with any comments on it by the Outside Consultant, to Plaintiffs' counsel, with a copy to Defendant. In addition, the Outside Consultant shall provide to Plaintiffs' counsel with the Report, with a copy to Defendant, the Outside Consultant's assessment of Defendant's compliance with its EEO policies and the Settlement Agreement during the applicable reporting period.

9. The parties shall work in good faith to resolve any disputes regarding compliance with the terms of the Settlement Agreement or this Order. In the event the parties are unable to resolve a dispute, such dispute shall be submitted to Magistrate John M. Facciola, or if he is no longer available, any successor to Magistrate Facciola appointed by this Court or to this Court. Magistrate Facciola or his successor shall have the authority to enforce the terms of the Settlement Agreement and this Order, finally adjudicate any dispute between the parties concerning an alleged violation of the Settlement Agreement or this Order, and impose a non-monetary remedy for any violation of the Settlement Agreement or this Order. In the event Plaintiffs seek relief from the Court in connection with enforcement of the Settlement Agreement and the dispute is resolved in their favor, Defendant shall pay Plaintiffs' reasonable attorneys' fees incurred on the matter. In the event Defendant seeks relief from the Court in connection with enforcement of the confidentiality obligations and the dispute is resolved in its favor, the

offending Plaintiff or Plaintiffs shall pay Defendant's reasonable attorneys' fees incurred in connection with enforcement of such confidentiality obligations.

10. Unless extended by the Court on the motion of Plaintiffs as permitted in the Settlement Agreement, this Order shall terminate on December 31, 2008. Upon such termination, this case shall be deemed dismissed with prejudice.

SO ORDERED this __15th__ day of June, 2007.

_____
The Honorable Paul L. Friedman

COPES TO:

Warren K. Kaplan
Washington Lawyers' Committee for Civil Rights & Urban Affairs
11 Dupont Circle NW, Suite 400
Washington, DC  20036

Joseph G. Davis
Jocelyn C. Flynn
Renee L. Thorne
Willkie Farr & Gallagher LLP
1875 K Street NW
Washington, DC  20006

William P. Flanagan
Dean A. Romhilt
Emily J. Glendinning
Hogan & Hartson, LLP
8300 Greensboro Drive, Suite 1100
McLean, VA  22102

The Honorable John M. Facciola
U.S. District Court for the District of Columbia
E. Barrett Prettyman
United States Courthouse
333 Constitution Avenue, NW
Washington, DC  20001